UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Tanya Lawson,
  Plaintiff

  vs              Case No. 1:05-cv-636-SAS-TSH
                 (SAS, Sr. J.; Hogan, M. J.)

John E. Potter, Postmaster General,
United States Postal Service,
  Defendant

---

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on defendant's motion to dismiss. (Doc. 8). The motion, which was filed on January 11, 2006, is unopposed. For the reasons that follow, the Court recommends that the motion to dismiss be granted.

Pro se plaintiff Tanya Lawson, who is proceeding *in forma pauperis*, initiated this action with the filing of a complaint on September 29, 2005. (Doc. 2). Plaintiff alleges that she was subject to discrimination in employment based on her race and sex, when her employer, the United States Postal Service, failed to enforce its zero tolerance policy for sexual harassment after plaintiff complained that she was subjected to sexual harassment by a co-worker on April 5, 2003. It is undisputed that the offending co-worker was found guilty of criminal sexual imposition charges and

terminated from his employment. However, plaintiff alleges that the April 5, 2003 incident was not the first time that she had been harassed by the co-worker, not the first time that she had complained to the Postal Service. Defendant contends that the complaint should be dismissed for failure to state a claim because plaintiff failed to file her formal EEO complaint within the statutory limitations period.

### Motion To Dismiss for Failure to State a Claim

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp.

2

890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

### Plaintiff's Complaint Should be Dismissed for Failure to Exhaust Her Administrative Remedies

In order for this Court to have jurisdiction over plaintiff's Title VII claims, plaintiff must first pursue administrative relief. *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991); *Sain v. American Red Cross*, 233 F. Supp.2d 923, 927 (S.D. Ohio 2002)(Rice, J.) *Cameron v. Bd. of Educ. of the Hillsboro, Ohio, City School Dist.*, 795 F. Supp. 228, 234 (S.D. Ohio 1991)(Spiegel. J.). "The right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)(quoting *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991))(internal quotations omitted). While the timely filing of a charge with the EEOC is not itself jurisdictional, this administrative filing requirement is a necessary prerequisite to filing a discrimination suit in federal court. *Id. See also*

*Ang*, 932 F.2d at 545; *Sain*, 233 F. Supp.2d at 927. The purpose behind this rule is to trigger the investigatory and conciliatory procedures and enable the Commission to attempt to obtain voluntary compliance with the law. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998); *Dixon*, 392 F.3d at 217. The Supreme Court has made clear that Title VII's procedural requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)(*per curiam*). Rigid enforcement of the limitations period is favored by the courts because, "experience teaches that strict adherence to the procedural requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Plaintiff sought EEO counseling on May 22, 2003 for the April 5, 2003 incident underlying her complaint. (Doc. 9, Ex. B, EEO Dispute Resolution Specialist Inquiry Report). Plaintiff received counseling and a Notice of Final Interview on September 10, 2003. (Doc. 8, Ex. C, Notice of Right to File letter). The September 10, 2003 Notice informed plaintiff how to file a Formal EEO Complaint and instructed her that such a complaint had to be filed within fifteen days of her receipt of the Notice. (Id.). Plaintiff failed to file a formal complaint until October 10, 2003. (Doc. 9, Ex. D, EEO Complaint). Plaintiff's complaint was clearly filed outside the fifteen day statutory limitations period. Moreover, plaintiff has failed to present any evidence or argument in support of a finding that dismissal or her complaint for lack of timeliness should be rejected based on waiver, estoppel, or equitable tolling. *Baldwin Welcome Center v. Brown*, 466 U.S. 147, 153 (1984); *Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998)(citing *Zipes v.*

4

*Transworld Airlines, Inc., Independent Federation of Flight Attendants*, 455 U.S. 385, 393 (1982)). In the absence of extreme circumstances, the Court should decline to toll the limitations period. *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991). For these reasons, defendant's motion to dismiss for failure to timely file a formal EEO complaint should be granted and this case should be dismissed from the docket of this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss be GRANTED.

    s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Tanya Lawson,
    Plaintiff

    vs                                  Case No. 1:05-cv-636-SAS-TSH
                                             (SAS, Sr. J.; Hogan, M. J.)

John E. Potter, Postmaster General,
United States Postal Service,
    Defendant

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/19/2006. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

6

1:05cv636 Doc.11

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Tanya Lawson<br>661 Winneste Ct.<br>Cinti, OH 45232 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 2337 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835